# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SUSAN HULLINGER, on behalf of herself and all others similarly situated. ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:17-cv-00400 REEVES/POPLIN |
| PARK GROVE INN, INC., et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff brings this class action against Park Grove Inn, Inc., alleging defendant violated the Fair and Accurate Credit Transactions Act (FACTA) by printing the first six and last four digits of her credit card number, as well as the expiration date, on her receipt.

Defendant moves for dismissal for lack of subject matter jurisdiction, stating that plaintiff has not alleged an injury in fact and lacks standing to pursue her claim.

This court will join the majority of federal courts holding that a complaint asserting a mere violation of FACTA without factual allegations of any actual or increased material risk of identity theft does not confer Article III standing. Accordingly, defendants' motion to dismiss is granted.

**I. Background**

On September 10, 2015, Hullinger made a purchase at Park Grove Inn using her credit card. The receipt for the purchase displayed the first six and the last four digits of the credit card account number as well as the expiration date of the credit card.

On September 6, 2017, Hullinger filed suit alleging that Park Grove Inn violated FACTA which prohibits printing more than the last five digits of a credit card number or the expiration date on a receipt. Hullinger alleges she was subjected to a heightened risk of identity theft and that her private information was exposed as a result of this FACTA violation. Hullinger demands statutory damages, punitive damages, costs, and attorney fees.

**II. Standard of Review**

A motion under Federal Rule of Civil Procedure 12(b)(1) can attack either a plaintiff's jurisdictional claim on its face or the factual basis for the claim. Here, defendant makes a facial challenge to the Complaint's allegations. In facial challenges, the court will take all allegations made by the plaintiff as true, and determine whether the facts as stated provide a basis for federal jurisdiction. *Fleming v. Brennan*, 2015 WL 5174043 at *2 (W.D.Tenn. Sept. 3, 2015).

Defendant also seeks dismissal of the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Faced with a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to plaintiff, (2) accept as true all factual allegations in the complaint, and (3) determine if there is any set of facts

2

plaintiff could prove which would entitle her to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 990).

## III. Analysis

### A. Article III Standing

Standing is "the threshold question in every federal case, and if the plaintiff lacks standing, the federal court lacks jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In essence, the question of standing "is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* Standing under Article III has three elements. First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest that is "concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* at 561. The burden is on the party invoking federal jurisdiction to demonstrate Article III standing. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element required to establish standing. *Spokeo, Inc. v. Robins.* 136 S.Ct. 1540, 1547 (2016).

Defendant here challenges plaintiff's standing on the first element of standing requiring an injury in fact. For an injury to be cognizable under current standing doctrine, it must be particularized meaning it "affects the plaintiff in a personal and individual way." *Id.* at 1548. Additionally, the injury must be "concrete," meaning it must actually exist and must be real and not abstract. *Id.* However, the injury need not necessarily be tangible. *Id.* Congress may "elevate to the status of legally cognizable injuries concrete, de facto

3

injuries that were previously inadequate in law." *Id.* at 1549. However, this does not mean that a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Id.* Specifically, a plaintiff cannot allege a "bare procedural violation, divorced from any concrete harm, and satisfy the injury in fact requirement of Article III." *Id.*

## B. FACTA

Congress enacted FACTA in 2003 as an amendment to the Fair Credit Reporting Act, in response to the increasing threat of identity theft. FACTA prohibits printing more than the last five digits of the credit card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction (a policy known as truncation). 15 U.S.C. § 1681c(g)(1). In theory, truncation reduces the risk that third parties use financial information on lost or stolen receipts to perpetrate fraud or identity theft. Any person who willfully fails to comply with this requirement is liable for statutory damages ranging from $100 to $1,000, punitive damages, and attorneys' fees and costs. 15 U.S.C. § 1681n(a).

The Sixth Circuit has not had occasion to consider the question of standing in a case involving a violation of FACTA. However, the Second Circuit and several district courts, including the Western District of Tennessee, hold that the printing of the first six digits of a credit card account number on a receipt does not constitute an injury in fact because the first six digits merely identify the institution that issued the card, and are not part of the consumer's unique account number. *Katz v. Donna Karan Company, LLC*, 2017 WL 4126942 at *5 (2nd Cir. Sept. 19, 2017) (holding that printing the first six digits of a credit

4

card number on a receipt did not result in a material risk of identity theft absent other allegations of harm); *Everett v. Memphis Light Gas and Water Div.*, 2017 WL 1830165 (W.D.Tenn. Apr. 18, 2017) (same); *Kamal v. J. Crew Grp., Inc.*, 2017 WL 2587617 at *3-5 (D.N.J. Jun. 13, 2017) (holding that printing of the first six digits of a credit card number does not violatie any recognized privacy interest nor does it increase the risk of future harm since the first six digits relate to the bank or card issuer).

Since Congress has not prohibited the printing of the issuing institution on a credit card receipt, courts hold that such a technical violation does not result in the type of harm that Congress sought to prevent when it enacted FACTA, since the first six digits "gives an identity thief no more personal information about a person's account than Congress has permitted to be printed on receipts." *Katz*, 2017 WL 4126942 at *5.

In addition, the Second, Seventh and Ninth Circuits, as well as multiple district courts, have held that under *Spokeo*, a plaintiff does not have standing to pursue a FACTA claim as the plaintiff has not suffered any actual harm or a material risk of harm. *See Curpar-Weinmann v. Paris Baguette America, Inc.*, 861 F.3d 76, 81-82 (2nd. Cir. 2017); *Meyers*, 843 F.3d at 727-29 (same); *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) (same); *Headrick v. Aramark Corp.*, 2017 WL 1397241 at *4-5 (E.D.Pa. Apr. 18, 2017) (holding that merely alleging an increased risk of identity theft due to the printing of ten digits of credit card account number on receipt was insufficient to establish injury in fact where plaintiff was in possession of the receipt and no one else had seen it).

In addition, the court notes that since the passage of FACTA, Congress has expressed concern over the number of lawsuits alleging a violation of FACTA in which

there is no allegation of actual harm. In 2008, Congress passed the Credit and Debit Card Receipt Clarification Act (the Clarification Act), which included a finding that following the passage of FACTA, hundreds of lawsuits were filed alleging that the failure to remove the expiration date from receipts was a willful violation of the Fair Credit Reporting Act, even where the account number was properly truncated. Pub. L. 110-241 § 2(a)(4), H.R. 4008, 110th Cong. (2008), codified at 15 U.S.C. § 1681n(d). After noting that none of these lawsuits contained an allegation of harm to any consumer's identity, Congress specifically stated its purpose in passing the Clarification Act was to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business. Id. §§ 2(a)4-5, 2(b). *See Crupar-Weinmann*, 861 F.3d at 81 (holding the Clarification Act's finding that truncation of the credit card number, regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft to be "dispositive" in determining that the plaintiff did not have standing to pursue a "bare procedural violation of FACTA").

Here, plaintiff has not alleged a concrete injury sufficient to warrant Article III standing because she does not allege that another copy of the receipt exists; that her receipt was lost or stolen; that she was the victim of identity theft; or even that another person has viewed the receipt. Nor did plaintiff allege that any risk of harm is real, not conjectural or hypothetical, given that she could shred the receipt along with any remaining risk of disclosure. Allegations of "possible future injury" are not sufficient to satisfy Article III. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Allegations of future harm at some

6

indefinite time cannot be an actual or imminent injury. Instead, a threatened injury must be impending. *Lujan*, 504 U.S. at 564 n. 2. Thus, plaintiff has failed to carry her burden of demonstrating an injury in fact for this FACTA violation.

The parties have provided the court with a multitude of competing cases to consider as persuasive authorities when deciding this post-*Spokeo* issue under FACTA. Ultimately, the court is dubious of reliance upon any pre-*Spokeo* FACTA cases that address concreteness without *Spokeo's* guidance regarding alleged statutory violations that result in only intangible injuries. Instead, the court focuses upon post-*Spokeo* authorities under FACTA in reaching its decision.

This case presents a perfect example of a procedural violation that may result in no harm, in contrast to the examples of statutory violations that constitute concrete injuries in and of themselves. FACTA arose from a desire to prevent identity theft that can occur when cardholders' private financial information, such as a cardholder's complete credit card number, is exposed on electronically printed payment receipts. That is not the case here.

When a case is dismissed for lack of federal subject matter jurisdiction, "Article III deprives federal courts of the power to dismiss the case with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2nd Cir. 1999). As a result, when a case is dismissed for lack of Article III standing, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice.

**IV. Conclusion**

Based on the foregoing analysis, this court must join the numerous courts outside of this circuit holding that a plaintiff does not have standing to pursue a FACTA claim absent an allegation of actual harm or a material risk of harm. Plaintiff's alleged injury is precisely the type of abstract injury that *Spokeo* held was insufficient to satisfy the requirement of concreteness. Accordingly, the court **GRANTS** defendants' motion to dismiss [R. 7]. The Complaint is **DISMISSED**, **without prejudice**, for lack of subject matter jurisdiction.

_____
**UNITED STATES DISTRICT JUDGE**